IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:07-CT-3140-BO

| | |
|---|---|
| John Clyde Britt, Jr., | ) |
| Plaintiff, | ) |
| v. | ) PROTECTIVE ORDER |
| Matthew Raymes, et al, | ) |
| Defendants. | ) |

This Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon the agreement of counsel for the Plaintiff and Defendant in this case. The Court finds as follows:

1. The Cumberland County Sheriff's Office is the custodian of certain files and documents maintained or in the possession or control of that Office that it is required to maintain confidential under N.C.G.S. §§ 153A-98. Those are documents constituting the personnel files of present and former employees of the Cumberland County Sheriff's Office. However, the parties acknowledge that in some cases certain of these files and documents maybe relevant to Plaintiff's assertion of his claims in this matter, and may be the legitimate subject of discovery requests. Similarly, the Defendants may intend to use certain of these documents in their defense, and, therefore, maybe required to disclose such documents under Rule 26(a)U) with and/or without a formal discovery request from the Plaintiff.

1

2. The Court finds that it is necessary and appropriate that documents pertaining to present and former employees of Defendant maintained by or in the possession or control of the Cumberland County Sheriff's Office, contained in "personnel files" as that terms is used in under N.C.G.S. §§ 153A-98, be produced and utilized during the course of this litigation, to the extent that they constitute relevant information, or are likely to lead to the discovery of relevant information. The Court further finds that it is appropriate that these documents be produced subject to certain protections.

3. Additionally, with respect to materials obtained as a part of the investigation of the events, transactions, circumstances or occurrences relating to the matters alleged regarding the incident as well as training records and materials, operations plans, and internal affairs, professional standards or other related matters, such matters should not be made immediately or widely available during the course of discovery.

4. The Court further finds that it is reasonably necessary and appropriate for the Court to enter this specific protective order and, thus, it is appropriate that these documents be produced subject to certain protections.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. All documents contained in "personnel files" as that term used in N.C.G.S. §§ 153A-98, that are maintained or in the possession or control of the Cumberland County Sheriff's Office materials obtained as a part of the investigation of the events, transactions, circumstances or occurrences relating to the matters alleged regarding the incident as well as training records and materials, operations plans, and internal affairs, professional standards or other related matters are hereby deemed to be confidential and shall not be disclosed except as provided herein, and shall hereinafter

be referred to as the "Confidential Documents" within the terms and provisions of this Order.

2. Except as maybe otherwise provided by further order of this Court, documents designated as confidential, as well as the matters contained therein, and extracts and summaries thereof, shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 3 below.

3. Persons who may have access to Confidential Documents and the information contained in those documents are limited to the following:

    a. The parties and the attorneys of record for the parties, and the staff of those attorneys;

    b. The Court;

    c. Court-appointed or approved mediators;

    d. Consultants and technical experts retained or employed by the parties, involved in the preparation of this action;

    e. Court reporters, their transcribers, assistants and employees; and

    f. Any potential or actual deposition or trial witness, to the extent that it is necessary to tender a Confidential Document to such witness as an exhibit, in order to elicit testimony relevant to the matters at issue in this case.

4. Plaintiff's or Defendants' counsel may make copies of the Confidential Documents for Plaintiff's of Defendants' experts or consultants upon receiving from each such expert or consultant a written Declaration agreeing that the expert or consultant will be bound by the terms of this Order. The Declaration shall be in the form of the document attached as Exhibit A. A file of all such written acknowledgments shall be maintained by Plaintiff s and Defendants' counsel. By signing

the Declaration and agreeing to be bound by this Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of this Court for purposes of the enforcement of this Order.

5. Individuals who are permitted access to the Confidential Documents pursuant to Paragraph 3 of the decretal portion of this Order are hereby ordered not to show, convey, or reproduce any documents so designated, or parts thereof, or copies thereof; or any matters contained therein, or any extracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said documents under the provisions of this Order.

6. If a deponent refuses to agree to the non-disclosure provisions of this Order, as provided in Paragraph 5 hereof, disclosure of the documents during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the deponent shall sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or exhibits shall be given to the deponent.

7. A party who believes that a confidential designation is not appropriate, may seek removal of such a designation on a Confidential Document or on a portion of a deposition transcript or interrogatory answer by motion in accordance with the procedures provided in the Local Rules of this Court.

8. The party seeking to submit particular documents under seal shall do so according to the Local Rules of this Court, and shall accompany that submission with a motion to seal and a supporting memorandum of law in which the movant specifies the interests which would be served by restricting public access to those documents. The Court will grant the motion only after providing adequate notice to the public and opportunity for interested parties to object, after

carefully weighing the interests advanced by the movant and those interest favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant outweigh any common law or constitutional right of public access which may attach to the document(s). Documents submitted under seal in accordance with this paragraph shall remain under seal pending the court's ruling.

9. Confidential Documents and the portions of briefs or pleadings containing information obtained from Confidential Documents, shall be filed with the Clerk of the Court as provided under the local rules of this court and may be required to be submitted if by other than electronic means in sealed envelopes or other sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "CONFIDENTIAL" and a statement in substantially the following form:

**CONFIDENTIAL AND PRIVILEGED
SUBJECT TO PROTECTIVE ORDER
5:07-CT-3140-BO**

10. At the conclusion of this case, each Confidential Document produced by a party and subject to this Order, shall be returned to the party who produced such document. All other copies of such documents in the possession of any other party or witness, other than the party producing such documents originally, shall be destroyed and not used for any other purpose except as may otherwise be hereafter ordered by this Court or the requisite appellate court.

11. The procedures set forth under the local rules of this Court and in this Order for the handling of Confidential Documents and information obtained from those documents, shall apply to all discovery proceedings and motions, prior to trial. The appropriate procedures to be employed at a trial to allow the efficient and effective presentation of evidence, shall be addressed by the parties

and the Judge who will conduct the trial, and an order setting forth those procedures shall then enter prior to the start of the trial.

12. In the event that the disposition of this case is appealed to the United States Court of Appeals for the Fourth Circuit, if the matter involves documents that have been ultimately ordered to be sealed by this court , then the documents will be maintained by this Court under seal and this order shall remain in effect until such time as an appropriate order regarding the handling of the Confidential Documents is entered by that Court.

This the 22nd day of September, 2011.

William A. Webb
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:07-CT-3140-BO

| | | |
|---|---|---|
| John Clyde Britt, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | ACKNOWLEDGMENT OF PROTECTIVE |
| v. | ) | ORDER WITH RESPECT |
| | ) | TO DOCUMENTS SUBJECT TO |
| Matthew Raymes, et al, | ) | PROTECTIVE ORDER |
| | ) | |
| Defendants. | | |

I, _____, hereby acknowledge that I have been provided copies of Documents Subject to a Protective Order or information from such documents in conjunction with matter concerning the litigation of the above-captioned case. I understand and acknowledge that this information and material is subject to a Protective Order entered by the United States District Court for the Eastern District of North Carolina that requires me to maintain the information and or documents confidential, and only utilize them in the course of the litigation of this case. I have been provided with a copy of the Protective Order, have read and understand it, and agree to abide by the requirements of that Order.

This the \_\_\_\_\_ day of _____, 2011.

_____
(Signature)

**EXHIBIT A**

7

Proposed Protective Order 2011-09-20.wpd

Case 5:07-ct-03140-BO   Document 74   Filed 09/22/11   Page 7 of 7